## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LYNWOOD T. TERRELL | : |
|     Plaintiff | : |
| v | :  Civil Action No. DKC-06-2212 |
| NANCY ROUSE | : |
|     Defendant | : |

o0o
### MEMORANDUM

Pending in the above-captioned case are Plaintiff's Motions for Appointment of Counsel, based on the assertion that his access to legal materials is limited.  Papers No. 11 and 21.  Also pending is Defendant's Motion to Dismiss or for Summary Judgment.  Paper No. 19.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*.  The complaint alleges that Plaintiff was injured when prison staff failed to post signs warning that a floor was wet.  Paper No. 1.  The pending Motion to Dismiss or for Summary Judgment is based on Defendant's assertions that: she was not personally involved in the allegations raised in the complaint; Plaintiff's claim is one of negligence which does not state a constitutional claim; and Plaintiff is receiving proper medical care.  Paper No. 19.  Upon careful

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

consideration of the motions and previous filings by Plaintiff, this court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The summary judgment issues pending before the court are not unduly complicated. Therefore, this court concludes that there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1). His motions shall be denied without prejudice.

Plaintiff has not yet filed a Response in Opposition to the Motion for Summary Judgment, but filed his Motion for Appointment of Counsel before the time for opposing the motion had expired. Accordingly, Plaintiff will be granted an additional period of time in which to respond to the Motion for Summary Judgment.

A separate Order follows.

   April 16, 2007                                                                   /s/                  
Date                                                                    DEBORAH K. CHASANOW
                                                                       United States District Judge