# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LYNWOOD T. TERRELL | : |
| Plaintiff | : |
| v | :   Civil Action No. DKC-06-2212 |
| NANCY ROUSE | : |
| Defendant | : |

o0o

## MEMORANDUM

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 19. Plaintiff has filed a response in opposition. Paper No. 25. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's motion, construed as a motion for summary judgment, will be granted.

## Background

Plaintiff alleges that on May 10, 2006, he slipped on a wet floor and fell. Paper No. 1 at p. 4. He claims the wet floor was not marked with cautionary signs and, as a result of his fall, he hurt his back and neck. *Id*. He further claims that he was "left to heal on [his] own" and he hears a heart beat in his left ear as a result of the fall. *Id*. Plaintiff filed a supplement to the complaint as well as an amended complaint. Papers No. 3 and 6.

The supplement consists of an Administrative Remedy Procedure Request form filed by Plaintiff describing his fall and a letter from the Maryland Treasurer's Office confirming receipt of Plaintiff's claim filed pursuant to the Maryland Tort Claims Act. Paper No. 3. The amended complaint is a lengthy document that appears to have been prepared by an attorney and seeks production of investigative documents from Nancy Kopp, Treasurer of the State of Maryland. Paper No. 6 at pp. 1–2. The amended complaint also alleges that the incident left him unable to walk

because his prosthetic leg was broken as a result of the fall. *Id.* at p. 9. He alleges "blatant and wanton disregard for [his] pleas for medical attention to wit, cervical and lumbar back pain, neck pain, right shoulder pain, right stump at the point of amputation pain caused by the fact that the injury caused the prosthesis to bend and broke the liner that holds the prosthesis leg on." *Id.* Plaintiff further claims medical staff acknowledged his inability to walk after his fall when an order permitting him to take his meals in his cell was issued, yet no medical treatment was offered or provided. *Id.* at pp. 11–12. Plaintiff claims that despite the seriousness of the symptoms he reported to medical staff he was not provided with either an x-ray or an MRI to rule out serious injury or illness. *Id.* at pp. 12–13. Plaintiff does not name the medical personnel responsible for this alleged mistreatment.

The only defendant named in this case is Warden Nancy Rouse. In her Motion to Dismiss or for Summary Judgment, Defendant Rouse admits there were no signs posted warning of the wet floor on which Plaintiff slipped. Paper No. 19 at Ex. 1. Defendant states Plaintiff was transported to the hospital located in the prison after he fell. *Id.* at Ex. 1 and 3. She states that although Plaintiff complained of pain to his leg, right hand, shoulder, back and neck, examination revealed no signs of swelling, redness or other abnormality. *Id.* at Ex. 3. She further claims that Plaintiff is receiving treatment for any injuries he may have suffered as a result of the fall.[1] *Id.* at Ex. 4 and 5. To the extent that the medical care provided is alleged to be inadequate, Defendant asserts she is not liable for actions or failures on the part of medical staff. *Id.* at p. 3.

---

[1] The court notes that in his complaint filed with the Circuit Court for Anne Arundel County, Plaintiff alleges he was fitted with a prosthetic leg approximately 26 months after his injury. Paper No. 19 at Ex. 7, pp. 3–4. The state court complaint focuses solely on delays in medical care and the quality of care provided. The defendants in the state court case are the Secretary of the Department of Public Safety and Correctional Services, Correctional Medical Services, and Medical Director Asresahegn Getachew, none of whom are named in this case. *Id.* at p. 1.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the
> burden of proof at trial on a dispositive issue, a summary judgment

3

> motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851.  Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge

4

of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

Defendant in the instant case was not directly involved in providing medical care or making decisions affecting Plaintiff's health care. Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990) (internal citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards). There is no evidence that Warden Rouse has prevented Plaintiff from receiving medical care, or authorized constitutionally deficient medical care. Accordingly, she is entitled to summary judgment in her favor.

Plaintiff does not deny that he is currently pursuing a claim in state court against medical providers involved in his case. *See* Paper No. 19 at Ex. 6. In light of the fact that the claim is still pending before the state court, this court declines to reach the merits of any medical claims raised by Plaintiff. To the extent Plaintiff includes a pendent state claim for negligence in his complaint, it will be dismissed without prejudice.

A separate Order follows.

   July 12, 2007                                                               /s/
Date                                                                   DEBORAH K. CHASANOW
                                                                          United States District Judge